IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP AND TERESA
WERNETTE                                                                                      PLAINTIFFS

v.                                          Case No. 6:19-cv-6097

PETE T. GAYNOR, in his capacity as
administrator of FEMA; JACKSON
ADJUSTMENT COMPANY, INC.;
BENJAMIN ANDRADE;
ALEX STRAWN INSURANCE AGENCY INC.;
and STATE FARM INSURANCE CO.                                                    DEFENDANTS

## ORDER

Before the Court is Defendant State Farm Insurance Co.'s Motion to Dismiss. (ECF No. 23). Plaintiffs Phillip and Teresa Wernette have responded. (ECF No. 29).

Also before the Court is Defendants Jackson Adjustment Company, Inc. and Benjamin Andrade's Motion to Dismiss. (ECF No. 25). Plaintiffs have responded. (ECF No. 28). The Court finds the two matters ripe for consideration.

On October 7, 2019, Defendant State Farm Insurance Co. moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). On October 9, 2019, Defendants Jackson Adjustment Company, Inc. and Benjamin Andrade moved for dismissal pursuant to Rule 12(b)(6). On October 17, 2019, Plaintiffs filed an amended complaint.[1] (ECF No. 29).

It is well established that the filing of amended complaint supersedes the original complaint, thereby rendering it inoperative and without legal effect. *See In re Atlas Van Lines,*

---

[1] Plaintiffs did not identify the procedural mechanism under which they amended their complaint, but the Court presumes they did so pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which, *inter alia*, allows a party to amend a pleading once as a matter of course within twenty-one days after service of a responsive pleading or a Rule 12(b) motion, whichever comes earlier. No defendant has filed an answer in this matter, and Plaintiffs amended their complaint within twenty-one days of the date Defendant State Farm filed its motion to dismiss.

*Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).  Accordingly, after a complaint is amended, motions directed at the original complaint should be denied as moot, without prejudice to their refiling as to the amended complaint.  *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

Plaintiff's original complaint (ECF No. 1) is now inoperative and superseded by the amended complaint.  Accordingly, the Court finds that the pending motions to dismiss (ECF Nos. 23, 25), which are directed at the original complaint, are moot and are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge